IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JACK DAVENPORT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 04-0283-CG-M |
| | ) | |
| IMPERIAL SUGAR COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on defendant's motion for summary judgment, brief in support, exhibits thereto, plaintiff's brief in opposition, exhibits thereto, and defendant's reply (Docs. 26, 27, 28, 45, 48); defendant's proposed findings of fact and plaintiff's response (Docs. 29, 42); defendant's motion to strike and brief in support (Docs. 49, 50), and plaintiff's response thereto (Doc. 52). The court finds that plaintiff has not demonstrated a prima facie case of age discrimination and has failed to show that defendant's proffered legitimate reasons for making the employment decisions at issue are merely pretext. Therefore, defendant's motion for summary judgment is due to be GRANTED.

## I.      BACKGROUND

Plaintiff brought this action alleging that defendant discriminated against him on the basis of his age. (Doc. 1). Plaintiff, Jack Davenport, worked for the defendant, and its predecessor, Savannah Foods' Colonial Sugar Division, for over thirteen (13) years beginning August 1, 1989. ( Davenport depo. p. 15). Plaintiff worked out of his home as a regional sales manager in the Mobile, Alabama, area and served customers primarily in the Mid-South, which Imperial considered to be a fringe or expansion market. (Agreed Facts ¶¶ 10, 15).

Lee Van Syckle was hired by defendant as an Executive Vice President with responsibility for sales in November 2002. (Agreed Facts ¶ 11).  Within a month after Van Syckle was hired, he was instructed by the CEO to reduce expenses. (Van Syckle depo. pp. 11-12, 46-47).  One of defendant's refineries was closed in December 2002 and defendant's "selling area shrank, because we had one third less refineries." (Van Syckle depo pp. 32, 141).  Van Syckle asked Robert Baldwin for recommendations as to who best fit defendant's goals of advancement, growth profitability, customer base, consolidation, and the future. (Agreed Facts ¶ 12).  Plaintiff's employment with Imperial Sugar Company ("Imperial") was terminated on approximately May 15, 2003 (Agreed Facts ¶ 21).  Plaintiff was fifty-nine (59) years old at the time his employment was terminated.  (Davenport depo. p. 45, Agreed Facts ¶ 13).  Plaintiff became aware that he would be terminated three days before his termination. (Davenport depo. p. 99).  Baldwin informed plaintiff that his termination was final, his position had been eliminated and his job was at an end. (Davenport pp. 102, 113-114, Ex. K).

Plaintiff, as well as two managers in the Industrial Division, Bob Borowski (age 61) and Bob Powers (age 64), were terminated in defendant's reduction in force.  Steve Rogers (age 40), the director of the "Consumer Specialty Products Team," was also terminated due to the sale of the company's Food Service Division to Hormel Foods. (Baldwin depo. pp. 35-36).  Regional sales managers Jim Evans (age 44), Marvin Crout (age 55), and Traci James (age 41) were retained by the defendant.

In the fall of 2002, prior to Rogers' termination, Baldwin discovered that a Sales Manager in the Special Products Division/Molasses Group was leaving and offered the position to Rogers. (Baldwin depo. p. 61).  Rogers' current position was near the location of the open position, in

Savannah, Georgia. (Van Syckle depo. pp. 57-60).  Rogers turned down the position because he was

"not willing to relearn the industrial side" of the business. (Baldwin depo. p. 61, Ex. E  p. 3).  The

Specialties job was not filled by anyone. (Baldwin depo. pp. 62-63, Van Syckle depo. p. 56).

Baldwin did not offer the position to plaintiff or advise plaintiff of the opening. (Baldwin depo. pp. 69-

72).

## II.    SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted:

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together
> with the affidavits, if any, show that there is no genuine issue as to any material fact and
> that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c).  As succinctly stated by the Eleventh Circuit:

> A factual dispute is genuine only if "a reasonable jury could return a verdict for the
> nonmoving party."  United States v. Four Parcels of Real Property, 941 F.2d 1428,
> 1437 (11th Cir.1991) (citation omitted).  The moving party bears the burden of proving
> that no genuine issue of material fact exists.  O'Ferrell v. United States, 253 F.3d 1257,
> 1265 (11th Cir.2001).  In evaluating the argument of the moving party, the district court
> must view all evidence in the light most favorable to the non-moving party, and resolve
> all reasonable doubts about the facts in its favor. Burton v. City of Belle Glade, 178
> F.3d 1175, 1187 (11th Cir.1999).  Assuming the moving party has met its burden, the
> non-movant must then show a genuine
> dispute regarding any issue for which it will bear the burden of proof at trial. Celotex
> Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

Information Systems and Networks Corp. v. City of Atlanta, 281 F.3d 1220, 1224-25 (11th Cir.

2002).  The purpose of summary judgment "is to pierce the pleadings and to assess the proof in order

to see whether there is a genuine need for trial."  Resolution Trust Corp. v. Dunmar Corp., 43 F.3d

587, 592 (11th Cir. 1995), cert. denied sub nom. Jones v. Resolution Trust Corp., 516 U.S. 817, 116

S.Ct. 74, 133 L.Ed.2d 33 (1995).

In opposing a motion for summary judgment, "a party may not rely on his pleadings to avoid judgment against him."  Ryan v. Int'l Union of Operating Eng'rs, Local 675, 794 F.2d 641, 643 (11th Cir. 1986).  There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment.  Blue Cross & Blue Shield v. Weitz, 913 F.2d 1544, 1550 (11th Cir. 1990).  Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned.  Road Sprinkler Fitters Local Union No. 669 v. Indep. Sprinkler Corp., 10 F.3d 1563, 1568 (11th Cir. 1994)(citing Lazzara v. Howard A. Esser, Inc., 802 F.2d 260, 269 (7th Cir. 1986)), cert. denied, 513 U.S. 868, 115 S.Ct. 189, 130 L.Ed.2d 122 (1994).

Id. at 599.  The "complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  The failure by the nonmoving party to make a sufficient showing on an essential element of its action entitles the moving party to judgment as a matter of law.  Id. at 323, 106 S.Ct. at 2552.

## III   DISCUSSION

Plaintiff claims he was discriminated against on the basis of his age in violation of the Age Discrimination Employment Act (ADEA), 29 U.S.C. § 621 et seq., when his position was eliminated and he was not offered another position.  Under the ADEA, it is "unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."  29 U.S.C. § 623(a)(1).   A plaintiff may prove discrimination by relying on either direct, circumstantial, or statistical evidence.  Walker v. NationsBank of Florida N.A., 53 F.3d 1548, 1555 (11th Cir. 1995).  Plaintiff claims to produce both direct and circumstantial evidence of age discrimination.  (Doc. 45).

4

**A. Direct Evidence**

Direct evidence is evidence which, "if believed, proves the existence of discriminatory motive 'without inference or presumption'" Hamilton v. Montgomery County Bd. of Educ., 122 F.Supp.2d 1273, 1279 (M.D. Ala. 2000) (quoting Carter v. Three Springs Residential Treatment, 132 F.3d 635, 641 (11th Cir. 1998)).  As the U.S. District Court, Middle District of Alabama, explained:

> Not only must it be evidence of discriminatory 'actions or statements of an employer' but the actions or statements at issue must 'correlat[e] to the discrimination or retaliation complained of by the employee.' Further, the statements 'must be made by a person involved in the challenged decision' and must not be subject to varying reasonable interpretations.

Id. (quoting Lane v. Ogden Entertainment, Inc., 13 F.Supp.2d 1261, 1274 (M.D. Ala. 1998)). The court finds that plaintiff has not submitted any admissible evidence which qualifies as direct evidence of age discrimination in employment.  Gerald Baggett reported by affidavit that plaintiff's direct supervisor, Mary Blair Ray, told Baggett that the reason Davenport was let go was because the company had to make some cuts in personnel and the number of Jack's national accounts and Jack's age were the determining factors.  This testimony is clearly hearsay, and as such is inadmissible.[1]  Even if the statement were admissible, it was not made by the decision makers in this case and is subject to varying reasonable interpretations.  The decision to let plaintiff go was made by Lee Van Syckle on the recommendations of Robert Baldwin.  Although Baldwin may have considered information about Davenport that  he obtained from Ray in making his recommendation to Van Syckle (Baldwin depo. pp. 172-175), there is no evidence that Ray participated in or even had personal knowledge of the

---

[1] Plaintiff has not deposed Ms. Ray nor provided a reason why she cannot be deposed.

decision to lay off plaintiff.    Ray did not even learn of the lay-off decision until after it had been made.

It cannot be determined from the hearsay statement itself that Ray  was involved in the decision and knew that age was a factor, that she had observed or heard from Baldwin or Van Syckle something that indicated age was a factor, or that she had simply assumed that age was a factor.  As such, the court finds that, even if it were admissible, the statement does not constitute direct evidence of discrimination.

**B. Circumstantial Evidence**

Plaintiff may attempt to show discrimination based on circumstantial evidence through the application of the McDonnell Douglas burden-shifting analysis established by the Supreme Court. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817 (1973).  Under the McDonnell Douglas framework, a plaintiff must first raise an inference of discrimination by establishing a prima facie case. Chapman v. AI Transport, 229 F.3d 1012, 1024 (11th Cir. 2000) (citing Combs v. Plantation Patterns, 106 F.3d 1519, 1527-28 (11th Cir.1997)).  In a reduction in force case, or where the plaintiff's position was eliminated entirely, a prima facie case may be established by demonstrating:

> (1) that she was in a protected age group and was adversely affected by an employment decision, (2) that she was qualified for her current position or to assume another position at the time of discharge, and (3) evidence by which a factfinder could reasonably conclude that the employer intended to discriminate on the basis of age in reaching that decision.

Smith v. J. Smith Lanier & Co., 352 F.3d 1342, 1344 (11th Cir. 2003)(quoting Jameson v. Arrow Co.,75 F.3rd 1528, 1531-32 (11th Cir. 1996)). Where the elimination of the position was not discriminatory itself, plaintiff's qualification for his current position is not enough, he must show that he was qualified to assume another position. Earley v. Champion Intern. Corp., 907 F.2d 1077, 1082-83

(11ᵗʰ Cir. 1990) (citations omitted); <u>Hellums v. Webster Industries, Inc.</u>, 97 F.Supp.2d 1287, 1292 (M.D. Ala. 2000).

 To the extent plaintiff claims the elimination of his position itself was discriminatory, it appears that plaintiff has satisfied the first two prongs of a prima facie case.  He is a member of a protected age group and he was qualified to perform his current position.  However, the court finds that there is insufficient evidence by which a fact finder could reasonably conclude that the employer intended to discriminate on the basis of age.

 Plaintiff points to evidence that his location, the South, was not targeted by the company for reduction.  However, the evidence submitted merely shows the company's goals in April 2002 and earlier, prior to Lee Van Syckle assuming the position in November 2002 as Executive Vice President of Sales and Marketing.  Such evidence is of little evidentiary value of Van Syckle's intent in May 2003.

 Plaintiff also contends that the fact that Steve Rogers was offered another position and plaintiff was not given that same option is also evidence of intentional discrimination.  However, as discussed in below, the court finds, under the circumstances, that defendant's failure to offer plaintiff another position does not evidence discriminatory intent.

 Plaintiff also maintains that employees filling other positions at his level would have been better choices for elimination.  However, as the court will discuss further below, plaintiff cannot substitute his own criteria for elimination for the criteria used by the defendant.  Defendant chose to eliminate the plaintiff's position because of market concerns.  There is no evidence, other than plaintiff's unsupported belief, that defendant's market concerns were not real or that plaintiff's position was not the best choice

7

for elimination based on the criteria proffered by defendant.

As to whether defendant's failure to offer plaintiff another position was discriminatory, the court finds plaintiff has not demonstrated a prima facie case. Defendant disputes that plaintiff was qualified for the new position. However, even assuming he was qualified, plaintiff has not demonstrated a prima facie case. It is true that where a job for which the plaintiff is qualified, and for which the plaintiff applies, is available at the time of termination, and the employer offers the job to an individual outside the protected age group, an inference of intentional discrimination is permissible. Jameson v. Arrow Co., 75 F.3d 1528, 1532 (11th Cir. 1996). However, in this case, plaintiff never applied for the position. Plaintiff never asked about the availability of positions generally or expressed a desire to relocate or transfer to another position. "Jameson does not stand for the proposition that merely because another younger employee was hired during a RIF that there is an inference that the company was discriminating based on age. In fact, the Jameson court is quite clear that its holding is limited." Hellums v. Webster Industries, Inc., 97 F.Supp.2d 1287, 1293 (M.D. Ala. 2000). The Eleventh Circuit has held that even "[a] general interest in being rehired [which was not expressed in this case], without submission of an application, is not enough to establish a prima facie case of age discrimination when the defendant-employer has publicized an open position." Smith, 352 F.3d at 1345. Plaintiff asserts that he was not aware of the vacancy because he worked at home and any vacancies were posted "where the company had a building," such as in Sugarland, Texas, or Savannah, Georgia. (Van Syckle depo. p. 155). However, the plaintiff in this case did not even make a general request or express any interest in relocating or transferring. There is also no evidence that defendant actively prevented plaintiff from applying for a position or attempted to hide an opening from plaintiff. To

establish a prima facie case where the plaintiff did not apply for any position, even generally, plaintiff

must establish that defendant had some duty to consider him for the position. Carmichael v. Birmingham

Saw Works, 738 F.2d 1126, 1133 (11th Cir. 1984).

> We emphasize that the ADEA does not mandate that employers establish an
> interdepartmental transfer program during the course of an RIF, see Taylor v. Canteen
> Corp., 69 F.3d 773 (7th Cir. 1995), require that "younger employees be fired so that
> employees in the protected age group can be hired," see Earley, 907 F.2d at 1083, or
> impose any added burden on employers to transfer or rehire laid-off workers in the
> protected age group as a matter of course.

Jameson, 75 F.3d at 1532-1533.  In this case the position offered to Steve Rogers was near the

location Rogers was then  working and would not have required Rogers to relocate.   Plaintiff, on the

other hand, would have had to relocate in order to take the position.  Defendant had no reason to know

that plaintiff would be willing to relocate.  In addition, relocation would involve the company incurring

relocation expenses.  (Van Syckle depo. pp. 58).  Under such circumstances, the court finds that

defendant had no duty to consider plaintiff for the position. See Walker v. Prudential Property and Cas.

Ins. Co.,  286 F.3d 1270, 1276 (11th Cir. 2002).

Even if plaintiff had established a prima facie case, the court finds that defendant would still be

entitled to summary judgment.  Once a plaintiff establishes a prima facie case, the burden then shifts to

the defendant, who must "proffer a legitimate, non-discriminatory reason for the adverse employment

action.  The employer's burden is exceedingly light." Hamilton, 122 F.Supp.2d at 1280 (quoting Meeks

v. Computer Assoc. Int'l, 15 F.3d 1013, 1021 (11th Cir. 1994) (internal quotations omitted)).  If the

defendant proffers a legitimate reason for the employment decisions, the burden then shifts back to

plaintiff, who must show that the employer's proffered reasons are pretextual, or merely a cover for

discrimination.  Id.   "At the pretext stage, in order to survive summary judgment, Plaintiff must provide

sufficient evidence to allow a reasonable fact finder to conclude, at a minimum, that the proffered

reasons were not actually the motivation for the employer's decision." Miller v. Bed, Bath & Beyond,

Inc., 185 F.Supp.2d 1253, 1270 (N.D. Ala. 2002) (citing Combs v. Plantation Patterns, 106 F.3d

1519, at 1538).  Plaintiff may do this  "(1) by showing that the employer's legitimate nondiscriminatory

reasons should not be believed; or (2) by showing that, in light of all of the evidence, a discriminatory

reason more likely motivated the decision." Id. (citations omitted).  "This is done by pointing to 'such

weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered

legitimate reasons . . . that a reasonable factfinder could find them unworthy of credence.'" Hamilton,

122 F. Supp.2d at 1281 (quoting Combs, 106 F.3d at 1539 (11th Cir. 1997)).  The ultimate burden of

persuasion remains with the plaintiff at all times in cases involving merely circumstantial evidence. Texas

Dept. of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981).

    In satisfying the ultimate burden of proving that the adverse employment action was on account

of age, a plaintiff need not establish that age was the sole reason for the action, but that it was a

determinative factor in the employer's decision. See Anderson v. Savage Laboratories, Inc., 675 F.2d

1221, 1224 (11th Cir. 1982) (citing Haring v. CPC International, Inc., 664 F.2d 1234, 1239-40 (5th

Cir. 1981)).  However, it should be noted that federal courts "do not sit as a super-personnel

department that reexamines an entity's business decisions." Chapman, 229 F.3d at 1030 (quoting Elrod

v. Sears, Roebuck & Co., 939 F.2d 1466, 1470 (11th Cir. 1991)).  It is not appropriate for either the

plaintiff or this court to "recast an employer's proffered non-discriminatory reasons or substitute his

business judgment for that of the employer." Chapman, 229 F.3d at 1030.  An "employer may fire an

employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason." Nix v. WLCY Radio/Rahall Communication, 738 F.2d 1181, 1187 (11th Cir. 1984).

Defendant argues that market concerns dictated the need for plaintiff's termination. (Doc. 48). Van Syckle placed emphasis on the type of selling approach, including analysis of which customers were unprofitable for business with which customers could be profitable if changes were made. (Van Syckle depo. pp. 62-62). Defendant asserts that the marketplace was consolidating and being increasingly usurped by larger retailers such as Wal-Mart. (Van Syckle depo pp. 68-69). Accordingly, defendant claims that plaintiff's territory and customer base were diminishing. Defendant's position is essentially that these changes in selling strategy to forego large numbers of small individual retailers and focus on larger retailers, coupled with a desire to cut unnecessary costs, ultimately led to plaintiff's termination. Plaintiff's consumer sales area would no longer be actively pursued by defendant. (Ex. M. pp. 2-3). Customers, location and geography were the determining factors. (Ex. M pp. 3 - 4). Defendant maintains that it did not offer plaintiff the position it offered Rogers because plaintiff had not expressed a desire or even a willingness to relocate and because Rogers was already located in the same location as the vacant position. In addition, Rogers current position was director of Consumer Specialty Products Team and the opening was in Special Products Division. The court finds that defendant has demonstrated legitimate non-discriminatory reason for its employment decisions. The burden then shifts to plaintiff to show pretext.

As discussed above, the fact that earlier company forecasts did not presage the elimination of plaintiff's position reveals little about Baldwin's or Van Syckle's basis for making the employment

decisions at issue.  It was not until Lee Van Syckle became Executive Vice President of Sales and Marketing that defendant decided to focus on larger retailers to maximize profitability.  While plaintiff maintains that his accounts were very profitable, the evidence submitted to support that contention appears to be faulty.  As defendant submits in its motion to strike (Doc. 49), plaintiff confuses "gross profit" with customer profitability.  There is no indication that gross profits were a factor in defendant's employment decisions.  Plaintiff admits that he is not qualified to determine customer profitability. (Davenport Depo. p. 64).  Moreover, plaintiff's calculation of "gross profit" appears to be greatly miscalculated.  In addition, the gross profits for sales managers in other localities appear to be significantly larger.  Although the court does not find it necessary to strike plaintiff's statements and related documents, and thus DENIES the motion to strike (Doc. 49), the court nonetheless finds them unpersuasive. "The analysis of pretext ... must be focused on the employer's beliefs, and not the employee's own perceptions of h[is] performance." Harrington v. Children's Psychiatric Center, Inc., 2003 WL 23356396, *10 (S.D. Fla. Dec. 9, 2003).

Plaintiff also points to reasons why other salespersons might have been less qualified than plaintiff and would have made a better choice for elimination.  However, "a plaintiff may not establish that an employer's proffered reason is pretextual merely by questioning the wisdom of the employer's reasons, at least not where. . . the reason is one that might motivate a reasonable employer." Combs v. Plantation Patterns, 106 F.3d 1519, 1543 (11th Cir.1997), cert. denied sub nom., Combs v. Meadowcraft Co., 522 U.S. 1045 (1998); see also Damon v. Fleming Supermarkets of Florida, Inc., 196 F.3d 1354, 1361 (11th Cir.1999), cert. denied,529 U.S. 1109 (2000) (emphasizing that courts "are not in the business of adjudging whether employment decisions are prudent or fair. Instead, our sole concern is

whether unlawful discriminatory animus motivates a challenged employment decision."); Deines v. Texas

Dept. of Protective and Regulatory Servs., 164 F.3d 277, 281 (5th Cir.1999) (explaining that "it is not

the function of the jury to scrutinize the employer's judgment as to who is best qualified to fill the

position. . . .   The single issue for the trier of fact is whether the employer's selection of a particular

applicant over the plaintiff was motivated by discrimination.").  Plaintiff's opinion that he is better

qualified than others who were not selected for lay-off is irrelevant.  See Lee v. GTE Florida, Inc., 226

F.3d 1249, 1254 (11th Cir. 2000) ("an employee's own opinions about his ... qualifications [do not] give

rise to a material factual dispute..." citations and quotations omitted), cert. denied, 532 U.S. 958 (2001).

The same is true for the opinions of plaintiff's co-workers or the customers with whom he dealt.  See

Sirvidas v. Commonwealth Edison Co., 60 F.3d 375, 378 (7th Cir. 1995) ("general averments of

adequate performance by [plaintiff] or a co-worker are ordinarily insufficient to create a factual issue on

summary judgment.").   The court finds that plaintiff has not demonstrated that the legitimate non-

discriminatory reasons proffered by defendant are merely pretext.

## CONCLUSION

For the reasons stated above, defendant's motion to strike (Doc. 49) is **DENIED** and

defendant's motion for summary judgment (Doc. 26) is **GRANTED**.

**DONE and ORDERED** this 1st day of September, 2005.

/s/  Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE

13